UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

In Re:
Kambiz Bakhtiari,

    Petitioner.

Case No.: 2:25-cv-02346-APG-NJK

**Order Directing
Service of the Petition and
Appointing Counsel**

[ECF No. 1-1]

    Petitioner Kambiz Bakhtiari, immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1-1. Following a preliminary review of the petition, I determine that appointment of counsel is warranted. Generally, habeas petitioners not sentenced to death are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)). I may, however, appoint counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A; *Chaney*, 801 F.2d at 1196. Here, Petitioner is unrepresented and stands to lose his right to an adjudication of his petition on the merits due to ignorance of technical procedural requirements. In addition, this case concerns immigration proceedings and removal, thus the outcome of this litigation is likely to have serious consequences for Petitioner. I therefore find that appointment of counsel is in the interests of justice and appoint counsel.

    In addition, Petitioner has not named a respondent. Habeas petitions brought under section 2241 "shall…name the person who has custody over him." 28 U.S.C. § 2242. Therefore, the "one proper respondent" in habeas petitions challenging continued immigration detention is "the warden of the facility where the petitioner is being held, not the Attorney General or some other

remote supervisory official." *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Here, Bakhtiari fails to name any respondents. In this way, the petition does not follow the requirements laid out by statute. But notably, the *Doe v. Garland* petitioner was represented by multiple attorneys and civil rights organizations. *See* 109 F.4th at 1189.

I HEREBY ORDER that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner. If the FPD is unable to represent Petitioner because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent Petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

I FURTHER ORDER the Clerk of the Court to send a copy of this order to the Federal Public Defender and the CJA coordinator for this division.

I FURTHER ORDER that the FPD will have until January 7, 2026 to appear for Petitioner and file an amended petition for writ of habeas corpus which names the correct respondent on his behalf.

DATED this 19th day of December, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE